3. BILLS AND NOTES, § 431*—*when parol evidence is inadmissible.* Evidence as to a conversation had at the time notes are executed is inadmissible for the purpose of varying the terms of the notes themselves, or for the purpose of showing an agreement that defendant would not be liable according to their terms.

4. BILLS AND NOTES, § 426*—*when bankruptcy schedules are erroneously excluded in action on judgment notes.* In an action on two judgment notes given by an employee of a circus to the manager thereof, on the backs of which were notations directing the treasurer of the company to pay to the manager the amounts thereof and charge to the maker's account, and there was evidence that the manager had expressly agreed to look to the circus for reimbursement and that defendant would not have to pay the note, *held* that schedules filed in bankruptcy by the circus company showing that the indebtedness to the defendant had been reduced by the amount of such notes were admissible in evidence, especially in view of the fact that the payee had the entire control and management of all the affairs of the bankrupt company.

# Bridget Corrigan, Defendant in Error, v. North American Union, Plaintiff in Error.

## Gen. No. 21,490.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. J. J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917.

## Statement of the Case.

Action by Bridget Corrigan, plaintiff, against North American Union, defendant, to recover on a benefit policy issued to one George Whelan. From a judgment in favor of plaintiff, defendant brings error.

C. V. DONOVAN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TIMOTHY J. FELL, for defendant in error; HERMANN P. HAASE, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 789*—*when evidence is insufficient to show that insured was engaged in prohibited occupation of bartender.* In an action on a mutual benefit insurance policy, evidence *held* insufficient to show that insured, who had been in the habit of frequenting his brother's saloon, had been engaged in the prohibited occupation of bartender.

2. INSURANCE, § 789*—*when person occasionally selling liquor is not engaged in prohibited occupation of bartender.* Casual sales of liquor made from time to time in a brother's saloon by one not employed for the purpose and receiving no compensation therefor do not, as a matter of law, constitute him a person engaged in the occupation of bartender in violation of a provision of a mutual benefit insurance policy.

---

### Edward Hudson, Defendant in Error, v. Ben Marks et al., Plaintiffs in Error.

### Gen. No. 21,553.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917. Rehearing denied January 29, 1917.

### Statement of the Case.

Action by Edward Hudson, plaintiff, against Ben Marks, D. S. Marks, Emanuel Mendelson and I. Lipsey, defendants, to recover rent under a lease. From

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.